**Frank PIRONE et al., Plaintiffs,**

v.

**The PENN CENTRAL COMPANY et al., Defendants.**

**No. 68 Civ. 3148.**

United States District Court, S. D. New York.

Feb. 22, 1972.

Delson & Gordon, New York City (Ralph P. Katz, New York City, of counsel), for plaintiffs.

Robert M. Peet, New York City, for defendant Penn Central.

Jerome H. Shapiro, Schulman, Abarbanel, Perkel & McEvoy, New York City, for defendant unions.

BRIEANT, District Judge.

By motion for reargument returnable February 8, 1972, counsel for the plaintiffs seek reargument of the determination of this Court dated December 1, 1971, 53 F.R.D. 574, upon which no Order has yet been entered. Oral reargument was granted and held on February 15, 1972.

Defendants claimed, correctly, that the motion for reargument is not timely brought under Rule 9(m) of the General Rules of this Court. In the interests of justice, plaintiffs' failure to move within ten (10) days following the determination as required by that Rule, is waived, and the application will be disposed of on its merits.

The factual background of the litigation as detailed in the Memorandum filed December 1, 1971, will not be repeated. That Memorandum directed that the action be maintained as a class action and determined that there are "* * * two sub-classes with respect to which the issues are required to be litigated separately." Those persons more particularly described in the decision as former New York Central employees (the "Pirone" group of plaintiffs), are considered one sub-class and those persons who are former New Haven employees (the "Scofield" group of plaintiffs), are considered another sub-class.

Depending on the theories urged at the trial, there may be fact issues which are not common, as between the New Haven employees and the New York Central employees, because different union proceedings occurred at different times and presumably under different circumstances of due process. If the physical facts concerning the nature and extent of the operations in New York Harbor of the two independent railroads which merged into the Penn Central system at different times are relevant, then there would be different issues of law and fact affecting the former New Ha-

ven Marine Terminal than will affect the former New York Central Marine Terminal.

The Court still holds this belief. Apparently, the question of whether or not there are sub-classes cannot be determined with finality until the litigation is resolved on its merits, and the litigation may not be resolved on the merits unless all *possible* sub-classes are adequately represented on the record, so that all contentions of all parties may be determined in an adversary setting.

The December 1, 1971 decision directed that separate counsel appear for each sub-class or group of employees, namely the Pirone group and the Scofield group. The Court determined not to disqualify the present attorneys of record for both groups from further proceedings in the action, and determined that they might continue their representation of the Pirone group. The Scofield group of plaintiffs were granted 30 days from the date of the order to be entered hereon (which has not yet been done), within which to obtain new counsel.

The Court believes the reasoning and the factual and legal conclusions set forth in the December 1, 1971 Memorandum are correct and valid. Certain practical difficulties and unnecessary hardships appear to have arisen however, and it appears that on the motion for reargument additional facts were brought to the attention of the Court, and further that there was a misapprehension as to the exact status of the pleadings and parties.

Throughout plaintiffs' papers in recent years in this lengthy litigation, a "double caption" has appeared, and the parties have referred to the case as a "consolidated action", apparently implying thereby that two separate lawsuits had been initiated, one by the Pirone group of former New York Central employees, aggrieved by the failure of the Penn Central after the merger with New York Central to dovetail its seniority list, and a separate action brought

more than a year later when the Scofield group of plaintiffs, former New Haven employees, became aggrieved as the result of the merger of the New Haven into the Penn Central system. This is, however, not so.

Apparently, what has happened is that an original action was brought by the Pirone plaintiffs under Docket No. 68 Civil 3148. Thereafter, when the Scofield group of plaintiffs retained the same attorneys to seek the same relief sought by the Pirone group, namely dovetailing of seniority rosters, a "notice of motion" was prepared and filed May 28, 1971. This notice contained the misleading caption which would indicate that there were then pending two separate actions or lawsuits. One of them is referred to on the front of the Notice of Motion filed by plaintiffs on May 28, 1971 as being "Consolidated with 68 Civil Action No. 3148". This was not so.

By the aforesaid notice of motion, plaintiffs sought leave to file a second amended and supplemental complaint, and to "consolidate these matters at the outset, rather than to commence separate actions and have duplicate sets of papers prior to a motion to consolidate."

This motion duly came on in this Court on July 15, 1971 and was endorsed by the Judge presiding in the Motion Part as "Motion consented to—Settle Order". It appears that no provision was made for the service of a summons in the second action, or the filing of a complaint in the second action, and no docket number was ever obtained with respect to the second action.

Apparently, none of the attorneys elected to call this matter directly to the attention of the Court in the Motion Part last June, and it was not called to my attention at the time of the filing of the decision of December 1, 1971. In brief, there is no such thing as a consolidated action before us.

Furthermore, because no provision was made by order for serving and

replying to the second amended complaint which includes the Scofield claims, one group of defendants has not yet answered that complaint, although there is some suggestion that there was an oral stipulation to do so.

The matter is further complicated by the fact that all the individual plaintiffs of record who chose to represent the class or classes in the litigation, wish to be represented as one class, and wish to retain their existing attorneys. It is claimed that efforts to obtain a successor attorney to represent the Scofield group of plaintiffs as directed by my December 1, 1971 Memorandum, have proved impracticable, and that these plaintiffs cannot obtain such representation or at least have been unsuccessful to date. It is also apparent that efforts to comply with the requirement that the Scofield group be separately represented in a joint or consolidated action may lead to delay.

On the oral argument, all parties to the record either consented, or registered no opposition to the suggestion that the issues involving the Pirone plaintiffs could proceed to trial separately, and that to the extent that there had been any "consolidation" that consolidation could be, if the Court saw fit, set aside, so that this litigation would revert to two separate actions. This procedure would seem to obviate the aforementioned practical difficulties, avoid delay, and make certain that the recent order made February 4, 1972 by Judge Lasker which looks toward prompt disposition of this matter will not be frustrated because of procedural difficulties, or problems caused by the lack of separate representation of the Scofield group.

There is a great likelihood that a prompt disposition of the Pirone case on the merits could either resolve the issues raised by the Scofield plaintiffs indirectly by establishing a precedent, or alternatively, could make the trial of the issues involving the Scofield group rela-

tively simple. While consolidation often expedites litigation, here we have a case where the reverse is true.

In view of the practical difficulties involved, the parties are therefore directed to treat the Pirone action henceforth in all respects as a separate action.

No more papers are to be filed under the "consolidated" heading. The Scofield plaintiffs shall forthwith and at least within 20 days from the order to be entered hereon, comply with all steps required by the Rules of this Court and the Rules of Civil Procedure, to institute their action, including but not limited to the filing of a complaint, the issuance of a summons, obtaining a docket number and paying the required fees. The most recent complaint, filed May 28, 1971 shall be deemed limited to those allegations which apply to the Pirone class of plaintiffs only, and as so limited, shall be answered by any defendants who have not already done so, within ten (10) days from the date of the order to be entered hereon.

The Railroad protests its substantial operating losses incurred as a result of compliance with an injunction issued pending trial. Litigation involving seniority rights arising out of railroad consolidations are by their nature, lengthy. For example, the case of Norfolk and Western Railway Co. v. Richard Nemitz, et al., 404 U.S. 37, 92 S.Ct. 185, 30 L.Ed.2d 198, decided by the Supreme Court of the United States on November 15, 1971, arises out of a 1964 consolidation. All parties should attempt to complete this litigation. The prior decision of the Court is modified, but only to the extent expressly hereinabove set forth. The Pirone action may be maintained as a class action. The class shall consist of the plaintiffs in Pirone, Hanlon, Elbert, Doheny, Parma and DeLuca and all other persons who were formerly employed in the marine department of the New York Central Railroad Company prior to its merger with the Penn Central and who are or were at the time of such

merger, members of, or represented for purposes of collective bargaining by the defendant unions, other than those who shall disassociate themselves from the action. A prompt application shall be made to the Court for a direction to the members of the class of the best notice practicable under the circumstances, all as provided by Rule 23(c) (2).

Settle Order on notice.